IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY JEROME WALKER,
    Plaintiff,

vs.                           5:05cv75/MD

OFFICER ROBERT POWELL,
    Defendant.

## ORDER

On December 10, 2007, this court entered an order directing the clerk to send an electronic notice to all members of the court's bar offering the opportunity for attorneys to provide pro bono representation to the plaintiff. The time for filing the notice of appearance has elapsed without any attorney indicating a willingness to represent the plaintiff. Therefore, if plaintiff remains financially unable to secure counsel, he will have to proceed pro se.

There are numerous motions pending before the court, ruling on which was deferred in light of the defendant's motion to dismiss and the court's subsequent attempt to locate counsel for the plaintiff. This order will address those pending motions and other matters.

Plaintiff has filed a pretrial narrative and statement of facts (doc. 51), an "amended" pretrial narrative statement (doc. 63) and an "amended third pretrial narrative statement." (Doc. 68). The amended documents are more in the nature of "supplemental" documents and as such do not comport with the Local Rules. Local Rule 15.1 provides that any amended pleading shall be filed in its entirety with all of the amendments incorporated therein, and that matters not set forth in the amended pleading are deemed to have been abandoned. Within thirty days from the date of this order, plaintiff must therefore file a **single** pretrial narrative statement that comports with the court's order of February 7, 2007.

(Doc. 39). Plaintiff is reminded that his expressed desire to present witnesses or testimony does not mean that such witnesses or testimony ultimately will be admissible.

Plaintiff twice moved for a writ of habeas corpus ad testificandum (doc. 61 & 67). These motions appear to be directed at securing the presence of his desired witnesses at trial. In light of the court's order directing him to file a fourth amended pretrial narrative, these motions will be denied without prejudice. The court's standard order regarding the procedures for securing the attendance of plaintiff's witnesses and plaintiff himself at trial will be entered contemporaneously with this order.

Plaintiff moved to compel the defendant (doc. 64 & 99) to provide certain discovery materials. He appears to have requested certificates and awards for the use of character evidence and to disprove the defendant's qualifications to operate the food service department at WCI. (Doc. 64). Defendant contends that this is irrelevant to the issue of whether the defendant deprived plaintiff of "the minimal civilized measure of life's necessities." (Doc. 74). In fact, the defendant's qualifications may be relevant, although the material requested by plaintiff in his motion, and whether he previously requested it, is unclear. Thus, the plaintiff's motion to compel will be denied without prejudice.

Plaintiff moved to extend the time to comply with the district court's September 8, 2007 order. (Doc. 69). This request is moot.

Defendant has filed a motion in limine regarding the presentation of cumulative testimony (doc. 76). Defendant is assured that the court will not allow the needless presentation of cumulative evidence, and to this limited extent, the motion will be granted. However, the court does not specifically decide at this time which witnesses will be permitted to testify.

Plaintiff filed a motion in limine requesting that the defendant be prohibited from referring to himself as a state or local official acting under color of law. (Doc. 81). He states that the defendant was not a state or local official at the time of this action. <u>If plaintiff maintains that this is the case, this court may not have jurisdiction over this action.</u> It is well established that in any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1.  whether the conduct complained of was committed by a person acting under color of state law; and

2.  whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).  Plaintiff's request will therefore be denied.

Accordingly it is ORDERED:

1. Plaintiff's motions for writ of habeas corpus ad testificandum (doc. 61 & 67) are denied without prejudice.
2. Plaintiff's motions to compel (doc. 64 & 99) are denied without prejudice to their reassertion within ten days from the date of this order.
3. Plaintiff's motion for extension of time (doc. 69) is DENIED as moot.
4. Defendant's motion in limine (doc. 76) is GRANTED to the extent set forth herein.
5. Plaintiff's motion in limine (doc. 81) is DENIED.
6. Within thirty days from the date of this order, plaintiff shall file a single pretrial narrative statement, labeled Fourth Amended Pretrial Narrative statement that is complete in and of itself, in accordance with the Local Rules.

DONE AND ORDERED this 8th day of January, 2008.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:05cv75/MD*