IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY JEROME WALKER,
    Plaintiff,

vs.                                     5:05cv75/SPM/MD

OFFICER ROBERT POWELL,
    Defendant.

## O R D E R

    Plaintiff has filed a motion to issue writ of habeas corpus ad testificandum (doc. 146) to which defendants have responded in opposition. (Doc. 148). Plaintiff has also filed a reply. (Doc. 154). In his motion, plaintiff seeks the issuance of seven writs ad testificandum for inmate witnesses located in DOC custody. Plaintiff was directed to provide additional identifying information about three of the witnesses, which he has done.

    The seven witnesses plaintiff purports to subpoena are as follows:

    Louis T. Taunton, Jr., #P15346, currently in close custody at Graceville C.F.

    Kenneth Riley, #L20613, currently in close custody at Everglades C.I.

    Jeffery Sapp, #070725, currently in close custody at Everglades C.I.

    Vereen D. Tyren, #780557, currently in close custody at Washington C.I.

    D'Andre Rolack, #191859, currently in close custody at Hendry C.I.

    Ronald Robbins, #V17909, currently in close custody at Washington C.I.

    Brandon Densmore, #J18777, currently in close custody at Graceville C.I.

    Plaintiff states that inmates Taunton, Riley and Sapp are "un-voluntary" witnesses although he "believes" that they would testify voluntarily if guaranteed not to be retaliated

against.[1]  The remaining witnesses he identifies as voluntary witnesses.  In his reply, he states that each witness was incarcerated at WCI between May 2003 and May of 2005 and that each was an inmate employee of Aramark and worked "under the orders of the defendant."

Defendant contends that plaintiff's motion should be denied due to his failure to comply with the court's order dated May 5, 2008 setting forth the procedures for securing inmate witness testimony.  Defendant also contends that plaintiff has not shown that the inmate witnesses, each of whom is currently housed in close confinement, are not safety or security risks.

With respect to voluntary witnesses, the court's order provided that the party wishing to call the witness must show the inmate's willingness to testify by ether submitting the affidavit of the witness, in which the witness states that he is willing to be subpoenaed, or by submitting the party's own affidavit indicating when and where the witness indicated his willingness to testify.  Additionally, before issuance of a subpoena, the prospective witness' actual knowledge of relevant facts must also be shown, either by affidavit of the witness, or by affidavit of the party requesting the witness.  The order specifically provided that the party may submit his own affidavit only if he has actual first-hand knowledge that the witness was an eye-witness or ear-witness to the relevant facts.  The affidavit must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred.  Finally, the order provided that the court has the authority to deny the presence of witnesses who are threats to security.

With respect to involuntary witnesses, the order provided that the party intending to call a witness must indicate in a narrative statement the anticipated testimony of each involuntary witness and whether he has attempted to secure their voluntary attendance.  For inmate witnesses, the plaintiff is required to show that the witness has actual

---

[1] Retaliation against an inmate for the exercise of a constitutional right is a separate constitutional violation. It is not however, something against which the court can offer a "guarantee."

*Case No: 5:05cv75/MD*

knowledge of relevant facts, and to follow the procedure outlined for voluntary witnesses as set forth above.[2]

The order specifically provides that failure to comply with the foregoing procedures for obtaining attendance of witnesses will result in the exclusion of the witness' testimony.

In his unnotarized oath in the motion, plaintiff states generally what he believes each witness could testify to. In this respect, the court finds that plaintiff has adequately complied with its prior order. Plaintiff asserts that the expenses associated with transporting the witnesses should be minimal as "seven of the eight (sic)[3] requested inmates are either still housed in Chipley, Florida, or are within reasonable two hour driving distances to Panama City." Actually, as noted above, three of the proposed inmate witnesses are located outside of the Northern District of Florida. Finally, plaintiff also asserts that the security risks associated with transporting the witnesses are minimal, as none of the witnesses is on close management. This assertion is totally inaccurate, as DOC records reflect that each of the witnesses listed are in close custody.[4]

The court must attempt to balance the interest of the plaintiff in presenting his case through live testimony safety with security and fiscal concerns. The DOC has advised that incarcerated witnesses may and routinely do testify via video conference. The DOC has also advised that transporting close custody inmates is a costly and labor-intensive endeavor, as each must be transported individually. Furthermore, plaintiff has indicated that three of the seven witnesses are "involuntary" witnesses, such that there is no guarantee that if called, they will actually testify. The court is unwilling to direct the DOC to transport a close custody witness whose willingness to provide relevant testimony in this civil trial has not been established. Additionally, the testimony plaintiff purports to offer from one of the distant witnesses, D'Andre Rolack, is cumulative as it is identical to that

---

[2] The court's order erroneously indicated that witness fees must be paid to incarcerated witnesses. Such witnesses are not entitled to receive witness fees. 28 U.S.C. §1821(f).

[3] Only seven inmate witnesses are listed.

[4] The custodial status of the prospective witnesses was the primary reason for the change in venue of the trial.

*Case No: 5:05cv75/MD*

he expects to offer from witness Tyren, and similar to that which could be offered by involuntary witness Sapp. Thus, the court has determined that writs will issue for the following witnesses:

**Brandon Densmore, # J18777, Graceville, C.I.**

**Vereen D. Tyren, #780557, Washington, C.I.**

**Ronald Robbins, #V17909, Washington, C.I.**

The following witnesses will appear at trial via video-conferencing from their respective institutions:

**Louis T. Taunton, Jr., #P15346, Graceville, C.I.,**

**Kenneth Riley, #L20613, Everglades, C.I.,**

**Jeffery Sapp, #070725, Everglades, C.I.,**

**D'Andre Rolack #191859, Hendry, C.I.**

The DOC shall take appropriate measures to ensure that inmates Taunton, Riley, Sapp, and Rolack are available to appear via video-conferencing at a trial in the above-styled cause which will take place on August 18 and 19, 2008 at the Federal Courthouse in Pensacola, Florida. Writs will issue separately for plaintiff Jeffrey Walker, and inmate witnesses Densmore, Tyren and Robbins.

Accordingly, it is ORDERED:

Plaintiff's motion to issue writ of habeas corpus ad testificandum (doc. 146) is granted in part and denied in part, as set forth herein.

The clerk is directed to mail a copy of this order to: Richard Joseph Saliba, Office of General Counsel, Department of Corrections, 2601 Blairstone Road, Tallahassee Fl 32399-2500.

DONE AND ORDERED this 7th day of July, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**