IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY JEROME WALKER,
    Plaintiff,

vs.                                               5:05cv75/MD

OFFICER ROBERT POWELL,
    Defendant.

## O R D E R

On July 14, 2008, the clerk received plaintiff's motion to provide costs associated with subpoenas and motion to issue subpoenas (doc. 167), along with three notices of filing proposed subpoenas for Ms. Payne, Health Service Administrator at Graceville Correctional Facility (doc. 166), Ms. C.L. Pittman, Classification Supervisor at Washington Correctional Institution (doc. 168) and Wendel Whitehurst, Region One, Regional Director of Institutions. (Doc. 169). Plaintiff notes in his motion, dated July 10, 2008, that "the previous subpoenas [duces tecum] were never served as ordered." He requests issuance of a subpoena duces tecum for Ms. Pittman, and trial subpoenas for Mr. Whitehurst and Ms. Payne. On July 17, 2008 the court received a notice of filing proposed trial subpoena for Ms, Kathleen Fuhrman (doc. 173), plaintiff's motion to issue non-inmate subpoenas for trial (doc. 172) and a motion for clarification, (doc. 171), each dated July 15, 2008.

The plaintiff's request for a supoena duces tecum for Ms. Pittman will be denied as moot. On July 11, 2008, this court entered an order with respect to the items requested in the un-served subpoenas duces tecum. (Doc. 164). In that order, the court indicated that despite the non-service of the subpoenas, arrangements had been made to make the requested documents available to plaintiff for his inspection and copying at his expense.

Plaintiff's requests for trial subpoenas for the other three individuals are denied without prejudice. As provided in this court's order of January 8, 2008,

> A subpoena will <u>not</u> be served by the Marshal upon an unincarcerated witness <u>unless</u> the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses, plus the witness fee of $40.00 for one day's attendance at trial. 28 U.S.C. § 1821. **Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed** *in forma pauperis*....

(Doc. 108 at 3). Plaintiff's requests were not accompanied by either the witness fee or the travel expenses for the witnesses he wishes to call in person.

Finally, in his motion for clarification, plaintiff inquires whether the closing of discovery affects his request that Ms. Fuhrman, Mr. Whitehurst and Ms. Payne testify at trial. Plaintiff is advised that request for a trial subpoena is not a discovery request, and the closing of discovery has no bearing upon such a request.

Accordingly, it is ORDERED:

Plaintiff's motion to provide costs associated with subpoenas and motion to issue subpoenas (doc. 167) is DENIED.

Plaintiff's motion for clarification (doc. 171) is GRANTED to the extent this order has issued.

Plaintiff's motion of issue non-inmate subpoenas for trial (doc. 172) is DENIED without prejudice.

DONE AND ORDERED this 18th day of July, 2008.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:05cv75/MD*