IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY JEROME WALKER,
    Plaintiff,

vs.                                         5:05cv75/MD

OFFICER ROBERT POWELL,
    Defendant.
_____/

**ORDER**

    Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding pro se was granted leave to proceed *in forma pauperis* in this case, and no initial partial filing fee of was assessed (doc. 6). In the court's order granting leave to proceed *in forma pauperis*, plaintiff was instructed of his obligation to make regular payments of twenty percent of the preceding month's deposits,[1] each time the balance in his prisoner account exceeded $10.00 until the filing fee[2] was paid in full. The court also specifically advised plaintiff that he was "ultimately responsible for payment of the filing fee in every case he has filed should the agency with custody over him lapse in its duty to make payments on his behalf" and that if he spent "funds that should have been forwarded to the court . . . his case may be dismissed for non-payment." (Doc. 6 at 2). And, he was advised in the same order that if he was transferred to another jail or correctional institution, it was his responsibility to ensure that the new institution was informed about his federal litigation and the required monthly payments. (Doc. 6 at 2).

---

[1] Gifts from a prisoner's family or friends are included as part of the preceding month's deposits in calculating plaintiff's filing fee obligations.

[2] At the time plaintiff filed this case, the filing fee was $250.00. It has since increased to $350.00.

Having received no installment payments from the plaintiff in over two years, on November 8, 2007, the court entered an order directing plaintiff to submit a copy of his inmate trust account statement from April of 2005 through the present. (Doc. 93). He was told that if any deposits had been made during that time period, he should explain his expenditure of the funds and explain why no payments had been made towards the $250.00 filing fee in this case. On November 20, 2007, in response to this order, plaintiff submitted a notice of compliance in which he indicated that he "has not been able to obtain a two year bank statement," that he only had access to a monthly bank statement, and that he had "not had access to any funds since 1998."[3] He did not attach even the monthly bank statement to which he claimed he had access, and, through clerical oversight, the court took no further action.

The court has recently become aware that on August 13, 2008, plaintiff filed another case in the Northern District of Florida, Tallahassee Division, dealing with the same or similar facts involved in this action.[4] (Case 4:08cv360/MP/AK). The motion to proceed *in forma pauperis* and supporting documentation filed in that case reflects that plaintiff has had significant deposits into his inmate account, at least over the period spanning from March 1, 2008 through August 15, 2008. (See Case 4:08cv360/MP/AK doc. 8 at 4-5). In fact, an initial partial filing fee of $8.05 was assessed in the Tallahassee case.[5]

Plaintiff has been advised of his financial obligation to the court on more than one occasion in this case, most recently in November of 2007. After reviewing plaintiff's response to its request for updated information on his financial status, this court accepted plaintiff's representation that he had no funds at his disposal without persisting in requiring

---

[3] Although this notice did not expressly state that it was sworn under the penalty of perjury, the court considers a false representation made in any pleading filed with the court to be a very serious matter. Fed.R.Civ.P. 11(b).

[4] Ironically, plaintiff notes on the complaint filed in the Tallahassee case that this case was resolved by a settlement. ((case 4:08cv360, doc. 1 at 3)

[5] As plaintiff was previously advised, prisoners who have filed more than one case may be required to make installment payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

*Case No: 5:05cv75/MD*

the typical proof of this fact.[6] It is now clear that even if plaintiff's representation to the court in November was truthful, since that time he has failed to make the required installment payments to the court, despite having been twice placed on notice of his responsibility to do so. He has also been advised that regardless of whether the fault for non-payment lies with the institution or the plaintiff, "a prisoner who fails to ensure that the required sum is remitted in one month must make it up later." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998). Plaintiff will therefore be required to submit his account information and to provide <u>all</u> past due installment payments within thirty days from the date of this order.[7]  <u>Plaintiff is advised that payment of all or part of the filing fee in this case will not relieve him of his responsibility to provide the court with the required account information.</u>  Finally, plaintiff is advised that failure to comply with this order may result in the dismissal of this action without further notice.

Accordingly, it is ORDERED:

Plaintiff shall show cause within thirty days from the date of this order why this case should not be dismissed for his failure to make regular required installment payments to the court, as previously ordered.

Plaintiff shall include with his response a copy of his inmate trust account statement from every institution at which he has been incarcerated since the date of the court's order granting leave to proceed *in forma pauperis*. In addition, plaintiff shall immediately remit <u>all</u> past due amounts to the court.

---

[6] Because plaintiff's initial *in forma pauperis* motion reflected no funds, plaintiff's statement that he had "no access to any funds since 1998" did not arouse the court's suspicion. Typical procedure would <u>not</u> be for the court to allow plaintiff to proceed based on this representation alone.

[7] Plaintiff was apparently transferred to his current facility in late October or November of 2007. (Doc. 94–change of address). Therefore, to the extent that he may argue that it will be difficult to obtain information from previous institutions, he may show his good faith effort to comply with this order by promptly providing account information since his incarceration at Graceville, along with <u>all</u> past due installment payments from that time frame. Account information and past due installments from Washington Correctional institution may be submitted within 60 days. No extensions will be granted absent a showing of extraordinary cause, as it is the plaintiff who was remiss in complying with his obligations to this court.

*Case No: 5:05cv75/MD*

Failure to timely comply with this order may result in dismissal of this case, and no further action will be taken in this case until plaintiff has complied with this order.

DONE AND ORDERED this 20th day of October, 2008.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**