IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEFFREY JEROME WALKER,
    Plaintiff,

vs.                                    5:05cv75/MD

OFFICER ROBERT POWELL,
    Defendant.
_____/

**ORDER**

    Plaintiff, an inmate in the custody of the Florida Department of Corrections, filed a complaint and motion to proceed *in forma pauperis* in April of 2005. (Doc. 1 & 2). After he corrected the deficiency in his *in forma pauperis* application, the court entered an order granting his motion. (Doc. 6). No initial partial filing fee was assessed pursuant to 28 U.S.C. § 1915(b)(1)(A), as the documentation provided by plaintiff indicated that he had had no deposits into his inmate trust account during the relevant time period.

    In the court's order granting leave to proceed *in forma pauperis*, dated May 17, 2005, plaintiff was specifically instructed of his obligation to make monthly payments of twenty percent of the preceding month's deposits[1] "for each case he has pending in this court." (Doc. 6). The court explained that as a result that prisoners who have filed more than one case may be required to make payments totaling 40%, 60% 80% or even 100% of their monthly deposits. The order further explained that such payments were to be made each time the amount in the prisoner's account exceeded $10 until the filing fee[2] was

---

[1] Gifts from a prisoner's family or friends are included as part of the preceding month's deposits in calculating plaintiff's filing fee obligations.

[2] At the time plaintiff filed this case, the filing fee was $250.00. It has since increased to $350.00.

paid in full.  The court also specifically advised plaintiff that he was "ultimately responsible for payment of the filing fee in every case he has filed should the agency with custody over him lapse in its duty to make payments on his behalf" and that if he spent "**funds that should have been forwarded to the court . . . his case may be dismissed for non-payment**." (Doc. 6 at 2 (emphasis added)).  Finally, he was advised in the same order that if he was transferred to another jail or correctional institution, it was his responsibility to ensure that the new institution was informed about his federal litigation and the required monthly payments.  (*Id.*).

Having received no installment payments from the plaintiff in over two years, on November 8, 2007, the court entered an order directing plaintiff to submit a copy of his inmate trust account statement from April of 2005 through that date. (Doc. 93).  The court made note of the fact that no payments had been received, and reiterated much of its original *in forma pauperis* order.  It reminded plaintiff of his obligation to make regular payments of twenty percent of the preceding month's deposits, and of the fact that he was ultimately responsible for making the required payments until the filing fee was paid in full, even if the payments were not timely made by the institution.  It repeated the admonition that regardless of whether the fault for non-payment lies with the institution or the plaintiff, "a prisoner who fails to ensure that the required sum is remitted in one month must make it up later." *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998).  Finally, he was reminded about the court's previous warning that if he had spent funds that should have been forwarded to the court, his case might be dismissed for non-payment.  (Doc. 93 at 1). Plaintiff was directed to submit a copy of his inmate trust account statement from April of 2005, when his case was originally filed, through November of 2007.  He was told that if any deposits had been made during that time period, he must explain his expenditure of the funds and explain why no installment payments had been made towards the $250.00 filing fee in this case.

On November 30, 2007, in response to this order, plaintiff submitted a single page notice of compliance.  In this notice, he indicated that he "has not been able to obtain a two year bank statement," that he only had access to a monthly bank statement, and that he

had "not had access to any funds since 1998."[3] He did not attach even the monthly bank statement to which he claimed he had access. Although this response to the court's order was clearly insufficient, through unfortunate clerical oversight, the court took no further action on this issue at that time.[4]

The court recently became aware that on August 13, 2008, plaintiff filed another case in the Northern District of Florida, Tallahassee Division, dealing with the same or similar facts involved in this action.[5] (Case 4:08cv360/MP/AK). It is apparent from the motion to proceed *in forma pauperis* and supporting documentation filed in that case that plaintiff has had significant deposits into his inmate account, at least over the period spanning from March 1, 2008 through August 15, 2008. (See Case 4:08cv360/MP/AK doc. 8 at 4-5). In fact, an initial partial filing fee of $8.05 was assessed in the Tallahassee case.

After reviewing the pleadings filed in the Tallahassee case and the docket sheet in this case, it was obvious that even if the plaintiff's representation to the court in November of 2007 was truthful, since that time he has failed to make the required installment payments to the court, despite having been placed on notice of his responsibility to do so, in two separate orders and in no uncertain terms. On October 20, 2008, the court entered another "show cause" order directing plaintiff to submit his account information and to provide <u>all</u> past due installment payments within thirty days.[6] He was further advised that

---

[3]Although this notice did not expressly state that it was sworn under the penalty of perjury, the court considers a false representation made in any pleading filed with the court to be a very serious matter. Fed.R.Civ.P. 11(b).

[4]Because plaintiff's initial *in forma pauperis* motion reflected no funds, plaintiff's statement that he had "no access to any funds since 1998" did not arouse the court's suspicion. Nonetheless, typical procedure would <u>not</u> be for the court to allow plaintiff to proceed based on this representation alone.

[5]Ironically, plaintiff notes on the complaint filed in the Tallahassee case that the instant case was resolved by a settlement. (Case 4:08cv360, doc. 1 at 3). The settlement, which plaintiff also reported to an attorney who contacted plaintiff about representing him, was never consummated.

[6]The court noted that plaintiff had apparently been transferred to his current facility in late October or November of 2007. (Doc. 94–change of address). It stated that to the extent that he may argue that it will be difficult to obtain information from previous institutions, he may show his good faith effort to comply with the show cause order by promptly providing account information since his incarceration at Graceville, along with <u>all</u> past due installment payments from that time frame. It afforded him 60 days to submit past due installments from Washington Correctional Institution, but noted that no extensions would be granted absent

*Case No: 5:05cv75/MD*

payment of all or part of the filing fee in this case would not relieve him of his responsibility to provide the court with the required account information. Finally, plaintiff was advised that failure to comply with this order could result in the dismissal of this action without further notice.

Plaintiff has now filed a reply to order. (Doc. 228). In his reply, he contends that "this case is not entitled to any payments at this time" pursuant to 57.085, Florida Statutes. This statute governs deferral of prepayment of court costs and fees for indigent prisoners in cases in state court, and has no bearing on plaintiff's obligations in **federal** court under **federal** law. Interestingly, though, like federal law, section 57.085, Fla. Stat. also includes a provision for monthly payments of no less than 20 percent of the balance of the prisoner's trust account as payment of court costs and fees, 57.085(5), and a provision permitting dismissal of the action for failure to pay court costs and fees. 57.085(8)(c), Fla. Stat. In any event, plaintiff's interpretation of this court's order granting leave to proceed *in forma pauperis*, that no payment would have been required until plaintiff's other court debts were paid, is legally erroneous. To the extent plaintiff claims he did not have enough money to make payments, his position is factually erroneous as well.

Plaintiff states that he has kept an average of $14.08 on balance in his account between March of 2008 and August of 2008. (Doc. 228 at 4). This amount is above the $10.00 minimum that triggers a monthly payment to this court. The documents submitted with plaintiff's "reply to order" reflect that the balance in plaintiff's inmate trust account as of March 2, 2008 was $25.09. (Doc. 228, exh. F). He had deposits totaling $258.30 between that date and August 15, 2008. Therefore, in accordance with this court's orders, payment in the amount of **$51.66** should have been remitted to this court for each of plaintiff's federal cases for that time period alone. No such payments were made.

Plaintiff attempts to excuse the situation, saying that he has spent less than 60% of the gifts he received, (doc. 228 at 7), and has made only an average of 12.8 monthly purchases. (*Id.* at 4). However, as is clear from the court's explanation about a prisoner's

---

a showing of extraordinary cause, as it was the plaintiff who was remiss in complying with his obligations to this court.

financial obligation, plaintiff was not entitled to spend 60% of the money he received. Regardless of any obligations he may have had in state court, he owed 60% of his monthly deposits to this court: 20% for each of his three federal cases. See, case 4:07cv180/RH/WCS (*in forma pauperis* status granted on May 25, 2007); case 4:05cv326/MP/MD (*in forma pauperis* status granted on September 28, 2005); and this case. Such disbursements were not made, and plaintiff failed to refrain from his personal spending until ensuring that his debt to the court(s) was satisfied. *Lucien*, 141 F.3d at 776 ("If in a given month the prison fails to make the required distribution from the trust account, the prisoner should notice this and refrain from spending the funds on personal items until they can be applied properly.")

Next, plaintiff asks this court to consider the request for waiver of initial partial filing fee that he has filed in case 4:08cv360/MP/AK. (Doc. 11, 15). He states that there is "no way plaintiff could prepare any assumed past due installments this court calculates it is entitled to." This court has no jurisdiction to rule on the request for a waiver in another case, and in any event the court is not sympathetic to plaintiff's self-imposed predicament. Plaintiff's admission that he has spent 60% of the funds deposited into his account in lieu of making payments to the court is in direct contravention of the court's order granting leave to proceed *in forma pauperis*, and its order of November 2007.

Through the nature and extent of his litigation in this and other cases, plaintiff has proven an above average ability to educate himself about the law and the functioning of the court. For this he is to be commended. However, this makes his failure to comply with this court's orders with respect to his payment obligations, or even show a good faith effort to do so, all the more serious. To the extent he claims ignorance, as the saying goes "ignorance of the law is no excuse." The court does not accept plaintiff's attempts to obfuscate the reality of the situation--that he simply failed to comply with his financial obligations to this court–as the court's review of its records reveals the truth is blatantly clear. Plaintiff's efforts to place the blame upon institution officials is also misdirected.

Plaintiff has failed to provide documentation as requested over one year ago,[7] has failed to make timely payments, has failed to make up overdue payments and has failed to provide an adequate and reasonable explanation for these failings when ordered to do so. See *Wilson v. Sargent*, 313 F.3d 1315 (11th Cir. 2002) (before dismissal for non-payment of initial partial filing fee, court must take steps to verify whether plaintiff attempted to comply with payment order, and give plaintiff the opportunity to explain his failings). In essence, he has failed to take seriously his obligation to the court. And, plaintiff has done this despite having been warned on more than one occasion that such a failing would be grounds for dismissal of this action.

It might be argued that the procedural posture of this case makes dismissal a draconian sanction. However, the fact remains that it was plaintiff who chose to disobey the court's orders. While some latitude is afforded to prisoner litigants in the pursuit of their cases, the court must run in an orderly fashion, and prisoner and non-prisoner litigants alike suffer sanctions up to and including dismissal of their cases for their failure to comply with court orders. Ignoring the plaintiff's non-compliance at this juncture, merely because he managed to evade the court's radar until reaching a certain point in his litigation, would not be just. The fact that plaintiff's non-compliance was only discovered due to his attempt to litigate another case is, quite simply, bad luck for the plaintiff.

Accordingly, it is ORDERED:

This case is dismissed without prejudice due to plaintiff's failure to comply with an order of the court. All pending motions are denied as moot.

DONE AND ORDERED this 25th day of November, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[7]On November 19, 2008 plaintiff filed a motion to provide costs associated with subpoena decus (sic) tecum. (Doc. 230). Plaintiff sought subpoenas to obtain some of the long overdue financial information. This motion was denied by separate order.

*Case No: 5:05cv75/MD*